UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE MORGAN STANLEY SMITH BARNEY LLC WAGE AND HOUR LITIGATION**<br><br>**MDL 2280** | Civ. No. 2:11-03121 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

In this multidistrict litigation ("MDL") wage and hour case, Plaintiffs Jimmy Kuhn, Robert Gibson, Nick Pontilena, Gregg Vanasse, Howard Rosenblatt, and Denise Otten allege that Defendant Morgan Stanley Smith Barney ("Morgan Stanley") failed to pay overtime and impermissibly deducted money from their paychecks. Plaintiffs argue that Morgan Stanley violated state and federal law in four ways. First, Morgan Stanley failed to provide overtime to financial advisors who were paid on commission. Second, it made impermissible deductions from advisors' pay. Third, it compelled advisors to pay business expenses. And fourth, it charged advisors for losses that the advisors were allegedly responsible for. Plaintiffs bring one federal claim for overtime, four state claims for overtime, four state claims for impermissible wage deductions, and one state claim for failure to maintain records. Morgan Stanley seeks to dismiss one state overtime claim, all of the impermissible deduction claims, and the lone claim for failure to maintain records. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the motion to dismiss is **GRANTED**. The motion to strike the class and collective allegations is **GRANTED** in part and **DENIED** in part.

I. BACKGROUND

The named Plaintiffs in this case worked as financial advisors for Morgan Stanley, which paid them on commission. Am. Consolidated Compl.

1

("Complaint") ¶¶ 36, 28.  Despite regularly working more than 40 hours per week, Plaintiffs did not receive overtime.  *Id.* ¶¶ 38, 43.  Plaintiffs had to pay their own overheard expenses, and they were not reimbursed for business-related meals.  *Id.* ¶¶ 38, 40, 49.

In 2011, Plaintiffs filed five cases against Morgan Stanley in four different states: Connecticut, New Jersey, New York, and Rhode Island.  After the Judicial Panel on Multidistrict Litigation transferred the cases to this Court for pre-trial purposes, Plaintiffs filed a consolidated class and collective action complaint ("the Complaint").  The Complaint asserts wage and hour claims under state law as well as the federal Fair Labor Standards Act ("FLSA").

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

A complaint's factual allegations must be sufficient to raise a plaintiff's entitlement to relief above a speculative level, such that the entitlement is "plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Claims have "facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.*

"In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'"  *Banco Popular v. Ghandi*, 184 N.J. 161 (2003) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir.), *cert. denied*, 543 U.S. 918, (2004)).  This includes legislative history, *see Territory of Alaska v. Am. Can Co.*, 358 U.S. 224, 226-27 (1959), which both parties ask this Court to consider.  *See* Def.'s Request for Judicial Notice, Exs. C & D, ECF No. 19-2; Pl.'s Br. 34-35, ECF No. 26.  As is made clear below, the Court reaches its decision without recourse to legislative history.  Furthermore, Defendant asks the Court to take judicial notice of a motion to dismiss and an unpublished order from

other cases. Request for Judicial Notice 1-3. The Court need not, and does not, rely on these materials in reaching its decision.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The district court's decision whether to grant a motion to strike under Rule 12(f) is discretionary." *Coles v. Carlini*, No. 10-632, 2012 WL 1079446, at *15 (D.N.J. Mar. 29, 2012). When a Rule 12(f) motion "attack[s] the sufficiency of the allegations contained in a pleading, it is appropriate to convert that motion into one pursuant to Rule 12(b)(6)." *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, No. 11-6239, 2012 WL 4506294, at *20 (D.N.J. Sept. 28, 2012) (internal citation and quotation omitted).

### III.  DISCUSSION

Plaintiffs filed a ten count Complaint. One count alleges failure to pay overtime under the FLSA (Count I). Four counts allege failure to pay overtime under state law: Count II (New York); Count IV (New Jersey); Count VII (Rhode Island); and Count IX (Connecticut). Four counts allege impermissible deduction from wages under state law: Count III (New York); Count V (New Jersey); Count VIII (Rhode Island); and Count X (Connecticut). A final count alleges a failure to maintain records under New Jersey law (Count VI).

Morgan Stanley does not move to dismiss the FLSA overtime claim (Count I). Instead, it moves to dismiss a single state law overtime claim, Count VII, which sounds in Rhode Island law, as well as the impermissible wage deduction claims (Counts III, V, VIII, and X), and the failure to maintain records claim (Count VI). The motion to dismiss these six counts is **GRANTED**. The motion to strike the collective and class allegations is **GRANTED** in part and **DENIED** in part.

#### A.  MOTION TO DISMISS

##### i.  Overtime (Count VII)

Morgan Stanley moves to dismiss Count VII, an overtime claim sounding in Rhode Island law. Morgan Stanley argues that the Rhode Island Minimum Wage Act did not contain a private right of action at the time these suits were brought. The Court agrees. Since the cases encompassed in this MDL were filed in 2011, Rhode Island has explicitly adopted a private right of action for overtime claims under the Minimum Wage Act. *See* R.I. Gen. Laws § 28-14-19.2(a). Morgan Stanley maintains that the new law is not retroactive; Plaintiffs appear to agree. Because pre-existing law did not recognize a private right of action, the Court will

**DISMISS** Count VII **WITH PREJUDICE.** *See Hauser v. Rhode Island Dept. of Correction*, 640 F. Supp. 2d 143, 145-47 (D.R.I. 2009).

### ii. Wage Deductions (Counts III, V, VIII, and X)

In Counts III, V, VIII, and X ("the Wage Deduction Counts"), Plaintiffs allege that Morgan Stanley impermissibly deducted items such as overhead from their paychecks. Contrary to Morgan Stanley's argument, Plaintiffs have standing to bring these claims because they allege injury-in fact, causation, and redressability. *See* Compl. ¶¶ 92, 96-97, 119-120, 140-141, 159-60; *see also Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).

Morgan Stanley moves to dismiss the Wage Deduction Counts. It also moves to strike Complaint paragraphs 40 and 50, which allege a failure to provide reimbursements. In support of its motion to strike, Morgan Stanley argues that "Plaintiffs have not and cannot state a claim for failure to reimburse . . . ." Def's. Br. 20, ECF No. 19-1. The motion to strike is an independent attack on the merits of the Wage Deduction Counts. Accordingly, the Court will convert it into a motion to dismiss. *See Giles*, 2012 WL 4506294, at *20. As set forth below, the Wage Deduction Counts are all subject to dismissal, both under an impermissible deduction theory and a reimbursement theory.

### 1. New York Law (Count III)

Count III is a claim for impermissible wage deductions under New York law. This Count is deficient for two reasons: to the extent it alleges impermissible deductions, it is conclusory, and to the extent it alleges a failure to reimburse, it does not aver a violation of New York law.

New York Labor Law Section 193 ("Section 193") provides that, absent certain exceptions, "no employer shall make any deduction from the wages of an employee." Plaintiffs argues that Count III survives a motion to dismiss because the Complaint alleges "the **particular deductions** from compensation that violate [Section] 193" and because it alleges "that [Plaintiffs] never authorized such deductions." Pls.' Br. 18 (emphasis in original). To state a claim under Section 193, a plaintiff must not just plead deductions but "deductions from . . . **wages**." Section 193 (emphasis added). A commission becomes a wage for purposes of Section 193 when an express or implied contract deems that commission "earned." *Pachter v. Bernard Hodes Group, Inc.*, 10 N.Y.3d 609, 612, 617 (N.Y. 2008).

Since Plaintiffs say absolutely nothing about the terms of their employment contract, they cannot establish when their commissions were earned. Accordingly, their pleading of the wages element of the cause of action is entirely conclusory.

4

Because of that, it is conceivable that Morgan Stanley violated Section 193 by deducting money from commissions before the commissions were earned. But a conceivable claim is no claim at all. *Iqbal*, 556 U.S. at 680.

Plaintiffs allege that Morgan Stanley violated Section 193 when it failed to reimburse money spent on messenger services, overnight mail delivery, and lunches with clients. Compl. ¶¶ 40, 50. In support of their argument, Plaintiffs cite legislative history indicating that Section 193, as it stood at the time these suits were filed, was designed to prevent employers from making employees reimburse them for losses that the employees caused. Pls.' Br. 20. Here, Plaintiffs are not alleging that messenger services, mail delivery, and business meals were losses they caused Morgan Stanley.

At bottom, Plaintiffs believe that if employees are paid on commission, Section 193 prohibits employers from making those employees responsible for their own expenses. Even if Plaintiffs are correct, they have still failed to state a claim upon which relief can be granted. For present purposes, Section 193 has two sections. Section 193(1) refers to "deductions from the wages of an employee." Plaintiffs cannot state a reimbursement claim under Section 193(1) because they have failed to plead the wages element in a non-conclusory fashion. Section 193(2) "prohibits wage deductions by indirect means where direct deduction would violate Section 193(1)." *Angello v. Labor Ready, Inc.*, 7 N.Y.3d 579, 585 (N.Y. 2006). Plaintiffs maintain that when Morgan Stanley made them pay their own expenses, Morgan Stanley was effectively deducting the expenses from Plaintiffs' paychecks—that Morgan Stanley was making "deduction[s] by indirect means." *Id.* But if the Court is to decide whether the indirect deduction is impermissible, it must decide whether the direct deduction would be impermissible. As explained above, it cannot decide that because Plaintiffs conveniently omit any description of their wages from their Complaint. The Court will **DISMISS** Count III **WITHOUT PREJUDUCE**.

### 2. New Jersey Law (Count V)

Count IV is a claim for impermissible wage deductions under New Jersey law. The Court will dismiss this claim because it is conclusory.

With exceptions not applicable here, New Jersey State Wage and Hour Law § 34:11-4.4(a) provides as follows: "No employer may withhold or divert any portion of an employee's wages unless: [t]he employer is required or empowered to do so by New Jersey or United States law." "Wages" encompasses commission-based compensation. N.J.S.A. § 34:11-4.1(c).

Plaintiffs maintain that "the Complaint . . . specifically alleges that the unauthorized 'deductions from the commissions were deducted from employees'

**wages**.'" Pl.'s Br. 23 (quoting Compl. ¶ 49) (emphasis in original). As with their New York wage deduction claim, Plaintiffs plead wages in an utterly conclusory fashion. It is not enough to simply declare that compensation qualifies as a wage for purposes of § 34:11-4.4(a). *See Carita v. Mon Cheri Bridals, LLC*, No. 10-2517, 2012 WL 2401985, at *11 (D.N.J. June 25, 2012) ("[Even if] an employer and an employee may refer to certain payments as a 'commission,' this is not dispositive."). Plaintiffs must provide sufficient information so the Court can determine whether compensation counts as a wage. The Court will **DISMISS** this Count **WITHOUT PREJUDICE**.

Finally, by ignoring Morgan Stanley's argument that New Jersey law does not recognize a wage deduction claim based on a failure to reimburse, Plaintiffs signal that they are not seeking relief under a failure to reimburse theory. The Court will hold Plaintiffs to this implicit representation.

### 3. Rhode Island Law (Count VIII)

Count VIII is a claim for impermissible wage deductions under Rhode Island law. The Court will dismiss this claim based on the absence of a private right of action.

Plaintiffs do not disagree that at the time this action was filed, R.I. Gen. Laws Section 28-14 ("Section 28-14") provided a private right of action in just two sections. The first section, Section 28-14-3.1, is not applicable here. The second section, Section 28-14-18, applies only to whistleblower claims. *See Hauser*, 640 F. Supp. 2d. at 146 ("Section 28-14-18.2 was not intended to apply to wage payment violations; a private right of action is available 'only for violations of the whistleblowing protection set forth in the immediately preceding and following sections.'") (quoting *Trs. of the Local Union No. 17 Sheet Metal Workers' Apprenticeship Fund v. May Eng'g Co.*, 951 F. Supp. 346, 350-51 (D.R.I. 1997)). Rhode Island adopted a private right of action for wage deduction claims in June of 2012, *see* R.I. Gen. Laws § 28-14-19.2 (a), but Plaintiffs do not argue that the new law should be applied retroactively. Accordingly, the Court will **DISMISS** this Count **WITH PREJUDICE**.

### 4. Connecticut Law (Count X)

Count X is a claim for impermissible wage deductions under Connecticut law. Like the other wage deduction claims, it does not survive the motion to dismiss.

"Connecticut's wage statutes, including Conn. Gen. Stat. § 31–72, do not create substantive obligations regarding the payment of employees; 'rather, they

provide remedial protections for those cases in which the employer-employee wage agreement is violated.'" *Karavish v. Ceridian Corp.*, No. 9-935, 2011 WL 3924182, at *15 (D. Conn. Sept. 7, 2011) (quoting *Mytech v. May Dep't Stores Co.*, 260 Conn. 152, 162 (2002)). "Thus, a claim under Conn. Gen. Stat. § 31–72 requires an employee to show that the employer breached an obligation to pay wages that arises from an employer-employee agreement." *Id.*

Plaintiffs maintain that Morgan Stanley "impermissibly and unlawfully deducted from employees' wages compensation for . . . salary and other overhead associated with the broker's assistant, trading errors, [etc.] . . . ." Compl. ¶ 49. Under Connecticut law, deductions are not "impermissible" in the abstract. Instead, deductions are impermissible relative to a given agreement. *See Izzo v. Moore Wallace North America, Inc.*, No. 8-163, 2011 WL 1874963, at *4 (D. Conn. May 17, 2011) ("Thus, an employee may proceed against an employer that withholds or diverts commission-based compensation due, but only if the employer's withholding or diversion also violates an existing agreement with respect to the employee's compensation."). The Complaint does not so much as quote a single provision of Plaintiffs' contract. Accordingly, any claim that Morgan Stanley "impermissibly" deducted money from Plaintiffs' wages is entirely conclusory. The Court will **DISMISS** this Count **WITHOUT PREJUDICE**.

As with the New Jersey claim, Plaintiffs ignore Morgan Stanley's argument that Connecticut law does not recognize an impermissible wage deduction claim based on a failure to reimburse. As with the New Jersey claim, the Court will hold Plaintiffs to their implicit representation.

### iii. Failure to Maintain Records  (Count VI)

Count VI is a claim for failure to maintain records under N.J.S.A. § 34:11-4.6 ("Section 34"), which requires employers to "[m]ake such records as to the persons employed by him, including wage and hour records . . . ." N.J.S.A. § 34:11-4.6(e). The Court will dismiss this claim because it is duplicative.

Morgan Stanley argues that "because the NJWPL does not provide for any statutory or punitive damages additional to those remedies under the FLSA and New Jersey wage and hour law, Plaintiffs claim for failure to maintain records is entirely redundant . . . ." Def.'s Br. 21. The Court agrees. Plaintiffs do not argue that Section 34 entitles them to anything more than compensatory damages. Even if additional damages were available, Plaintiffs have waived them. Compl. ¶ Prayer 9. Ultimately, if Plaintiffs are to recover compensatory damages under Count VI, they will have to demonstrate that Morgan Stanley shorted them on compensation. But demonstrating that Morgan Stanley shorted them on

7

compensation is exactly what Plaintiffs attempt to do with their other claims. Accordingly, the failure to maintain records claim is duplicative. Since Plaintiffs cannot amend their Complaint to state a claim for failure to maintain records under New Jersey law, the Court will **DISMISS** this Count **WITH PREJUDICE**.

### B. MOTION TO STRIKE CLASS AND COLLECTIVE ACTION ALLEGATIONS

Plaintiffs move to strike the class and collective action allegations. The Court will **GRANT** the motion in part and **DENY** it in part. Plaintiffs seek to bring (1) a collective action under the FLSA for failure to pay overtime, and (2) class actions under the laws of Connecticut, New Jersey, New York, and Rhode Island both for failure to pay overtime and for impermissible deductions. They seek to represent current and former financial advisors and financial advisor trainees. Since Plaintiffs have not alleged that trainees were subject to impermissible deductions, *see* Compl. ¶ 49, the Court will **STRIKE** trainees from the putative impermissible deductions classes. If this defect can be corrected, Plaintiffs may remedy it in an amended pleading. Furthermore, while the Court harbors doubts about the certifiability of a class or collective action for overtime pay that includes both advisors who worked on commission and trainees who did not, it believes it is premature to strike overtime class allegations at this time. *Cf. Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 93 (3d Cir. 2011) ("[Only in a] rare [case does] the complaint itself demonstrate[] that the requirements for maintaining a class action have not been met.").

### IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** the motion to dismiss. Counts VI, VII, and VIII are dismissed **WITH PREJUDICE**. Counts III, V, X are dismissed **WITHOUT PREJUDICE**. The Court will **GRANT** in part and **DENY** in part the motion to strike the class and collective allegations. It will **STRIKE** trainees from the class definitions of the putative impermissible deduction classes. The Court will provide Plaintiffs with 30 days in which to file a second amended complaint consistent with this opinion. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 14, 2012**