UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE MORGAN STANLEY SMITH
BARNEY LLC WAGE AND HOUR
LITIGATION

MDL 2280

Civ. No. 2:11-3121

OPINION

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Jimmy Kuhn, Nick Pontilena, Howard Rosenblatt and Denise Otten (collectively "Plaintiffs") bring this putative collective action under the Fair Labors Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and three putative wage and hour class actions against Defendants Morgan Stanley Smith Barney LLC and Morgan Stanley & Co., Inc. (together "MSSB"). This matter comes before the Court on the parties' joint motion for judicial approval of their settlement agreement. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the parties' motion is **DENIED**.

### I.  BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the instant case and writes solely for their benefit.[1] On February 28, 2017, the Court granted summary judgment in favor of MSSB and dismissed all of Plaintiffs' outstanding claims with prejudice. *See* Order, ECF No. 168. Plaintiffs subsequently filed an appeal. *See* Notice of Appeal, ECF No. 169. The parties now jointly move for judicial approval of their settlement agreement. *See* Joint Mot. in Supp. of Judicial Approval of Settlement ("Joint Mot."), ECF No. 175-1.

### II.  LEGAL STANDARD

"When employees bring a private action under the FLSA, and present to the district court a proposed settlement . . ., the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.'" *See Brumley v. Camin Cargo Control, Inc.*, No. 08-cv-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "While the Third Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, district courts have typically looked to the considerations set forth in *Lynn's Food*, cited *infra*." *Id*. (citing multiple cases). "While factors for evaluating

---

[1] For a detailed summary of the case history, see the Court's summary judgment opinion. ECF No. 167.

'fairness' of a settlement in an FLSA collective action have not been definitively set out by the Third Circuit, district courts in this Circuit have utilized the *Girsh* factors established for approving Rule 23 class action settlements . . . ." *See id.* at *4–5 (citing *Girsh v. Jepson*, 521 F.2d 153, 156–57 (3d Cir. 1975)).

## III. DISCUSSION

The parties' motion essentially requires that the Court reverse itself. As a threshold matter, the Court finds that the *Lynn's Foods* holding is inapplicable here. In that case, the Eleventh Circuit was concerned with a settlement agreement between an employer and employees reached outside of the adversarial context of a lawsuit. *See* 679 F.2d at 1354. In that same opinion, however, it noted that when parties reach an agreement within the adversarial context, the "employees are likely to be represented by an attorney who can protect their rights under the [FLSA]" and the agreement is, therefore, "more likely to reflect a reasonable compromise." *See id.* Here, competent attorneys have duly represented the parties at all times and the concern voiced in *Lynn's Foods* is not present.

Furthermore, as noted above, the Court previously granted summary judgment in favor of MSSB and dismissed all claims *with prejudice*. In so doing, the Court undertook an extensive review of the facts in the record and determined that *under no circumstance* would Plaintiffs' claims prevail. "[A] bona fide dispute must be determined to be one over factual issues . . . .'" *See Brumley*, 2012 WL 1019337, at *2 (citing *Lynn's Foods*, 679 F.2d at 1354) (quotation omitted). In granting summary judgment for MSSB, the Court specifically determined that there are no genuine disputes as to *any* material fact that a reasonable jury could find in favor of Plaintiffs. Consequently, there is no "bona fide dispute over the FLSA provisions" currently before the Court.[2]

Notwithstanding the above, the Court is mindful of the parties' desire to end this litigation after more than six years. In the Third Circuit, "[a] strong public policy exists in favor of settlements." *See Edwards v. Born, Inc.*, 792 F.2d 387, 390 (3d Cir. 1986). The settlement agreement consists of wage payments to the four named plaintiffs and attorneys' fees that amount to the expenses incurred by counsel throughout the course of litigation. *See* Joint Mot. at 4, 8. The parties entered into this agreement because Plaintiffs would rather receive the payment than risk receiving nothing after appeal and because MSSB prefers to avoid incurring the substantial costs of defending the appeal. *See id.* at 4. Assuming this Court's approval was required, it would find the agreement fair and reasonable under the circumstances.

Nonetheless, this Court cannot approve a settlement of a case when it has already determined the outcome. When an appeal has been docketed, as here, the parties are free to make whatever agreement they deem reasonable and voluntarily dismiss that appeal on

---

[2] The *Girsh* factors are equally inapplicable here. The factors were designed to protect the rights of absentee class members from an unfavorable settlement agreement in which they had no say. *See Girsh*, 521 F.2d at 157 (citing *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 832 (3d Cir. 1973). In the instant case, the Court expressly denied class certification. *See* Order, ECF No. 147. Consequently, there are no absentee class members to protect.

their own undertaking. *See* Fed. R. App. P. 42(b); *Clarendon Ltd. v. Nu-West Indus., Inc.*, 936 F.2d 127, 128 (3d Cir. 1991) ("The parties may make whatever arrangement they agree on and need not notify or involve the court of appeals panel."). Moreover, when confronted with a joint motion for settlement approval after the district court's grant of summary judgment, the Third Circuit provided:

> "'When a clash between genuine adversaries produces a precedent, . . . the judicial system ought not allow the social value of that precedent, created at a cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.'"

*Clarendon*, 936 F.2d at 129 (quoting *In re Mem'l Hosp. of Iowa Cnty., Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988)).

This Court's "duty lies not in the direction of an automatic acquiescence to the parties' request, but rather with a deliberate consideration of the policy that will best serve the public good." *See id*. The Court's summary judgment opinion produced a precedent concerning the FLSA's application at considerable cost to the public in the form of the Court's time and resources, which it will not diminish by approving the parties' agreement. Simply put, there is nothing to settle. The parties are free to dismiss their appeal of the rulings in this case at a price acceptable to them, for which they do not need this Court's permission. *See Clarendon*, 936 F.2d at 128. Accordingly, the parties' joint motion for settlement approval is **DENIED**.

### IV.   CONCLUSION

For the reasons stated above, the parties' joint motion for judicial approval of settlement is **DENIED**. An appropriate order follows.

>                    */s/ William J. Martini*
>          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 19, 2017**